SUCCESSION OF R. W. POWELL—Oppositions of R. A. BOURKE, Administrator, and HOPKINS.

The administrator is entitled to commissions only on the amount which comes into his hands, and for which he is responsible.

The surviving partner who liquidates the concern, is not entitled to a judgment for any apparent balance in his favor, until he shows a full and entire settlement of the partnership affairs.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
*Lea & Marr*, for *Hopkins*. *J. Magne*, for *G. F. Weisse. Benjamin, Bradford & Finney*, for *Waterhouse. Chilton & Harrison*, for administrator and appellant.

BUCHANAN, J. The administrator, and the late partner of the deceased, are appellants from a judgment rendered upon oppositions to the account of administration.

The following are the reasons given by the District Judge, for his judgment upon the claims of the appellants, rejected by him :

" The opposition to the claim of $6,442 16, on the part of the administrator, must be maintained.

" He claims this sum as a commission of two and a half per cent. upon $165,759 87, which he avers were paid and received by *Hopkins*, the surviving partner. It is clear, in my judgment, that he is not entitled to this allowance. The value of the succession, as appears from the inventory, is $7,731 97. This is the amount which came into the administrator's hands. This is the amount for which he gave bond—and this is the amount which he has to account for. To the charge of two and a half per cent. upon this amount, no objection is made ; but I think the opposition to the other claim is well founded. The commission is allowed for the care, trouble, and responsibility of the administrator, with regard to the funds and property which came under his hands. This large amount was never in his keeping ; he was never responsible for it ; his bond did not cover it ; and I think it impossible to admit, that under these circumstances, the administrator should receive, as a commission, nearly, if not quite, the whole proceeds of the succession.

" I am also of opinion, that the opposition to the claim of *Hopkins*, is well taken. *Powell & Hopkins* were partners. The partnership was to continue after *Powell's* death. *Hopkins*, as he had the right to do, continued the business. He has been liquidating the affairs of the partnership. They are not yet settled. By the accounts furnished, it would appear that *Hopkins* had paid the sums which he claims, and that these sums were paid by *Hopkins*, over and above the assets of the partnership. But the liquidation is not complete. There is no evidence of bad debts. The assets have not been disposed of, so far as the record discloses, and until the final settlement of the whole affairs, it will be impossible to say whether the succession of *Powell* will be indebted to *Hopkins*, or whether *Hopkins* will be indebted to the succession of *Powell*.

" In this condition of the affairs of the parties, it seems to me it would be manifestly improper to give a judgment in favor of the liquidating partner, which would absorb the greatest portion of the small amount of assets in the hands of the administrator, when it might turn out that the liquidator, upon a final settlement of accounts, would be indebted to the succession.

54

" The same reasons apply to the opposition of *Hopkins*, claiming more than was allowed him.   His opposition, in this regard, must be dismissed."

The facts are correctly stated in this extract from the reasons for judgment o f the District Judge, and we concur in his legal conclusions from those facts.

Judgment affirmed, with costs ; and without prejudice to the claim of *A. M. Hopkins*, if any he shall be found to have, upon final liquidation of the partnership of *Powell & Hopkins*.